MANHATTAN LIFE INS. CO. v. McKOWN.

(Circuit Court of Appeals, Third Circuit. December 15, 1898.)

No. 44.

SET-OFF—ACTION ON LIFE INSURANCE POLICY—JUDGMENT AGAINST INSURED.

    In an action by an executrix on a policy of insurance on the life of her testator, payable to his executors, administrators, or assigns, the defendant cannot set off a judgment in its favor against the decedent. In such case the plaintiff does not sue in her official capacity as for a debt due the decedent, who had no claim against the defendant, but as the payee named in the policy, and it is immaterial that the proceeds, when recovered, will go to the distributees of the estate.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

This was an action by Elizabeth C. McKown, executrix of James C. McKown, deceased, for the use of Elizabeth C. McKown, against the Manhattan Life Insurance Company. From a judgment for plaintiff, defendant brings error.

M. A. Woodward, for plaintiff in error.

Thomas Patterson, for defendant in error.

Before DALLAS, Circuit Judge, and BUTLER and BRADFORD, District Judges.

BUTLER, District Judge. The suit is on a policy of insurance issued by the defendant to James C. McKown for $10,000, payable to his executors, administrators or assigns, at the expiration of 90 days after proof of his death. The only defense is set-off. The defendant having obtained judgment against James C. McKown in his lifetime, for $38,000, proposed to set it off against the plaintiff's demand. This the court refused to permit; and the defendant assigns the refusal as error. We think the court was right; and that the reasons given for its ruling, and the authorities cited, in dismissing a rule for new trial, sufficiently justify it. Set-off is only permissible where the debts involved, and the rights of the parties respecting them, are mutual. The defendant's claim must constitute a cause of action against the plaintiff, at the date of suit. Where the plaintiff sues on the rights of another, as assignee, or legal representative of a decedent, such mutuality exists if the debt proposed to be set off was owing by the assignor when the assignee's rights attached, or was contracted by the deceased, and due at the time stated. In the case before us the suit is by an executrix, and the debt offered was owing by the decedent and due in his lifetime. The plaintiff does not, however, sue in her official capacity, as for a debt due to the deceased, but as payee named in the policy. She is the creditor under the contract. McKown had no claim against the company; it owed him nothing. The situation is the same as if the policy had been in favor of his wife, his child, or a trustee for his creditors. It is not material that the money when recovered will go to the distributees of his estate; that is a consequence of the contract, which the parties chose to make.

The judgment is therefore affirmed.